## MARTIN v. WHITEHURST.

Court of Appeals of Kentucky.

May 29, 1953.

Burnis Martin and Joe Hobson, Prestonsburg, for appellant.

Paul C. Combs, Prestonsburg, Max Lively, Ashland, for appellee.

DUNCAN, Justice.

Appellant, Fred M. Martin, orally contracted with appellee, E. B. Whitehurst, to furnish the labor and materials for plumbing and heating a tourist court under construction by the former in Prestonsburg, Kentucky. The total contract price was $10,041, of which $8,041 had been paid at the time of the filing of the action.

Appellee's petition sought recovery of $2,000 as the balance of the contract price. Appellant's answer and counterclaim alleged a breach of the contract both as to time of performance and the manner in which the heating and plumbing were installed, and sought damages in the amount of $3,500 for the breach. The case was prepared on depositions, and the Chancellor dismissed the counterclaim and rendered judgment in favor of appellee for $2,000. On the appeal, it is insisted that the finding of the Chancellor is not supported by the evidence and is contrary to the great weight thereof.

Appellant complains that appellee located the commodes so close to the walls that standard size equipment usually carried in stock could not be used, as a result of which completion was delayed for six weeks in securing commodes of the necessary dimensions. It is further contended that the hot and cold water pipes were placed underground and so close together that no usable drinking water could be obtained through the cold water taps. It is insisted that proper installation methods would have required that the water pipes be located overhead and that appellant was unable to procure boiler insurance because of their location.

Appellee contends that there is nothing unusual about the placing of the commodes and that the location of the water pipes is neither unusual nor improper. The inability to procure insurance is attributed to the fact that appellant has since constructed a concrete driveway over the pipes rather than locating the driveway so as not to affect their accessibility. Some expert testimony supports the contention of each of the parties.

The question presented is entirely one of fact, and no useful purpose would be served by a detailed statement of the testimony introduced in the lower court. Appellant relies upon the rule that in equity cases this Court will read the record for itself, and, if the finding of the trial court fails to accord with the evidence as construed by us, resulting in our clear conviction that the case should be decided otherwise, this Court will not hesitate to reverse the Chancellor on a question of fact. On the other hand, appellee insists that the case comes squarely within the rule that a Chancellor's finding in an equity case will be adopted by this Court where the evidence is conflicting and the truth is doubtful.

Ample authority is found in support of both rules and sometimes a question of

706

fact may be so close that it is difficult to determine under which rule a case should fall. We have no such difficulty with this case. The evidence, although conflicting, fully supports the finding of the Chancellor, and we are in complete accord with his views.

The judgment is affirmed.